# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Leshaundra Montgomery<br>  *Plaintiff*<br><br>v.<br><br>LVNV Funding, LLC<br>  *Defendant*<br>Serve:<br>  Corporation Service Company<br>  2711 Centerville Road, Suite 400<br>  Wilmington, DE 19808 | Case No. 3:15-cv-297-JGH |

## CLASS ACTION COMPLAINT
## and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by a consumer seeking declaratory relief and damages for herself and on behalf of all similarly-situated Kentucky citizen consumers for Defendant LVNV Funding, LLC's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. LVNV Funding, LLC ("LVNV") filed suit against Ms. Montgomery on June 10, 2014 in Jefferson County, Kentucky in an attempt to collect a debt originally owed to Credit One Bank, N.A. At the time it was filed, LVNV's suit was time-barred by the applicable statute of limitations. These and other acts violate the FDCPA. Ms. Montgomery seeks damages and declaratory relief both individually and on behalf of a class of all similarly-situated Kentucky citizens.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

4. Plaintiff Leshaundra Montgomery is a natural person who resides in Jefferson County, Ky. Ms. Montgomery is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5. Defendant LVNV Funding, LLC ("LVNV") is a foreign corporation, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite #206, Charleston, SC 29401-3187.

6. LVNV is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

7. On June 10, 2014, LVNV filed a complaint in the Jefferson District Court of Jefferson County, Kentucky (the "State Court Lawsuit") against Plaintiff Montgomery under case number 14-C-007576 in an attempt to collect a debt originated by Credit One Bank, N.A. ("Credit One") for a credit card account (the "Account") Plaintiff opened with Credit One. A copy of the complaint is attached hereto as Exhibit "A."

8. The Credit One credit card Account was a personal consumer credit account used exclusively for personal, family, and household purposes, which makes the debt developed on the Credit One credit account a "debt" within the meaning of the FDCPA.

9. As alleged by Defendant LVNV in its State Court Lawsuit, the Credit One credit Account debt was assigned to LVNV and is the basis of LVNV's claims in the State Court Lawsuit.

10. The Credit One Account went into default no later than June 1, 2009, and therefore Credit One's claim against Ms. Montgomery accrued no later than June 1, 2009, when the Account went into default.

11. Credit One was at all relevant times a national bank whose principal place of business was located in Nevada.

12. Nevada law requires that a lawsuit to collect a credit card debt must be commenced within four (4) years of the date the claim accrues. Nevada Revised Statutes 11.190.

13. Pursuant to Kentucky's borrowing statute, KRS 413.320, the Nevada statute of limitations applies to Credit One's claim.

14. LVNV claims to be the assignee of Plaintiff Montgomery's Credit One Account for which LVNV filed its underlying state court collection lawsuit to collect on the assigned Account against Plaintiff on June 10, 2014.

15. By filing its state court lawsuit on June 10, 2014 to collect on the Account debt LVNV had filed the lawsuit more than four (4) years after the claim accrued and outside of the applicable state of Nevada statute of limitations for collection of credit card debt.

16. LVNV has filed debt collection lawsuits against numerous Kentucky citizen consumers in which LVNV claims to be the assignee of credit card accounts issued by Credit One and numerous other consumer credit card credit issuers.

17. Many of the credit card credit issuers referred to in paragraph 16 *supra* and from whom LVNV has claimed to receive assignment of such credit card debts are headquartered in

states which, like Nevada, have statute of limitations that require a lawsuit to collect a credit card debt must be commenced within four (4) years of the date the claim accrues such as, for example, the state of Utah (pursuant to Utah Code 78B-2-407) which is, for example, the state in which Synchrony Bank ("Synchrony"), formerly known as GE Capital Retail Bank ("GECRB"), is located.

18. In the one (1) year period prior to the date of filing of this lawsuit LVNV has filed numerous consumer credit card account collection lawsuits against other Kentucky consumers in which LVNV claims to be the assignee of a consumer credit card account debt from an original creditor headquartered in a state which, like Nevada, the applicable statute of limitations is four (4) years including, but not limited to, the state of Utah and original creditors Synchrony and GECRB and which the original creditor's claim accrued more than four (4) years prior to the date on which LVNV filed such lawsuit to collect on such consumer credit card accounts and outside of the applicable four (4) year statute of limitations.

## CLASS ALLEGATIONS

19. Plaintiff Leshaundra Montgomery brings this action individually and as a proposed class action on behalf of all Kentucky consumer citizens in the Commonwealth of Kentucky similarly situated to Plaintiff.

20. The proposed class of Kentucky consumer citizens is defined as follows:

**Class:** All Kentucky consumer citizens against whom Defendant LVNV Funding, LLC ("LVNV") or its agents, employees, or representatives, within one year of the date of filing this complaint, filed a lawsuit in any District or Circuit Court in the Commonwealth of Kentucky in which:

(a) LVNV claimed to be the assignee of a Credit One Bank credit card account or any other credit card account issued by a creditor headquartered in Nevada or any other state (collectively, the "Original Creditors") in which that states statute of limitations applicable to collection of debt for such credit card accounts is four (4) years; and

(b) LVNV filed such collection law suit against the defendant more than four (4) years after the date on which the Original Creditors' claim accrued.

21. This action seeks the maximum statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), be awarded to Plaintiff and all members of the class for LVNV's violations of the FDCPA.

22. This action also seeks declaratory relief from this Court declaring that:

(1) LVNV filed suit against Ms. Montgomery and members of the proposed Class outside the applicable statute of limitations;

(2) LVNV's practices as described in the proposed Class as set out *supra* violate the FDCPA.

23. The proposed Class as set out *supra* is so numerous that joinder of individual members is impracticable.

24. Plaintiff's claims are typical of the claims of the proposed Class as set out *supra*.

25. There are common questions of law and fact for the proposed Class in this action that relate to and affect the rights of each member of the proposed Class, and the relief sought is common to the entire class. In particular, all members of the proposed Class have the same issue of law in common: whether LVNV filed suit against each member outside the applicable statute of limitations.

26. There is no known conflict between Plaintiff and any other members of the

proposed Class with respect to this action, or with respect to the claims for relief herein set forth.

27. Plaintiff as the proposed representative party for the proposed Class and is able to, and will, fairly and adequately protect the interest of each of the proposed Class.

28. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

29. Plaintiff's attorneys have successfully represented other claimants in similar litigation.

30. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the proposed Class creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

31. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

32. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed Class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Class will be effective and appropriate for the entire proposed Class; and all members of the proposed Class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

33. The identity of each individual member of the proposed Class can be ascertained from the books and records maintained by Defendant.

34. Because many of the persons who comprise the proposed Class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

35. The above-described actions by LVNV Funding, LLC ("LVNV") constitute violations of the Fair Debt Collection Practices Act.

36. Defendant LVNV Funding, LLC's violations of the FDCPA include, but are not limited to, the following:

> LVNV violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and/or one or more subsections of each statute section by filing suit against Plaintiff Montgomery and members of the proposed Class outside of the applicable statute of limitations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Leshaundra Montgomery requests the Court grant her relief as follows:

a. Declare that LVNV's practice of filing suit outside the applicable statute of limitations violates the FDCPA;

b. Award the maximum amount of statutory damages for each member of the Class

provided under 15 U.S.C. §1692k;

    c.    Attorney's fees, litigation expenses and costs;

    d.    Actual damages;

    e.    A trial by jury; and

    f.    Such other relief as may be just and proper.

Respectfully submitted,

/s/ James McKenzie
**James McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzielaw.com

**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com